ARLINE BENNETT, Appellant, v. MARVIN BENNETT, Respondent.— Action for an annulment. Order granting motion for leave to amend answer so as to set forth a counterclaim for judgment of separation and order denying cross motion to discontinue the action, affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Carswell, Johnston, Adel and Schmidt, JJ., concur.

DONALD CARUCCI, an Infant, by His Guardian ad Litem, FRANK A. CARUCCI, et al., Respondents, v. DONALD BARBA, as Administrator of the Estate of RICHARD F. CARUCCI, Deceased, Appellant.— Action to recover damages for personal injuries. Order, on reargument, granting plaintiffs' motion to direct defendant to accept service of the verified complaint affirmed, without costs. No opinion. Johnston, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ., concur.

COASTLINE FUEL OIL CORP., Appellant, v. COASTLINE INDUSTRIES, INC., Respondent.— In an action to enjoin defendant from using a part of its corporate name and for other relief, judgment dismissing the complaint on the merits, after trial, unanimously affirmed, with costs. No opinion. Present — Johnston, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ.

MARY CZECK, Respondent, v. POLISH NATIONAL HOME OF THE CITY OF NEW YORK, INC., Appellant.— Action to recover damages for personal injuries sustained by plaintiff as the result of gyrations of a couple on a dance floor maintained by defendant. Judgment for plaintiff unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Carswell, Johnston, MacCrate and Schmidt, JJ.

DAN'S SERVICE STATION, INC., Respondent, v. EMESS SERVICE STATION, INC., Appellant.— In an action to cancel an assignment of lease and to direct defendant to reassign the said lease to plaintiff, on the ground of fraud, order denying defendant's motion to dismiss the complaint for failure to state facts sufficient to constitute a cause of action pursuant to rule 106 of the Rules of Civil Practice reversed, with $10 costs and disbursements, and motion granted, without costs, with leave to plaintiff to serve an amended complaint within ten days after the entry of the order to be made hereon, if so advised. The alleged representation upon which the complaint is based, that defendant would pay plaintiff a rebate on gasoline which plaintiff would purchase from defendant, is contractual in nature, and, therefore, "must be enforced if at all by an action upon the contract" (*Adams* v. *Gillig*, 199 N. Y. 314, 318). Carswell. Acting P. J., Johnston, Wenzel, MacCrate and Schmidt, JJ., concur.